# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SHAWN FORTH,

      Petitioner,

vs.                                              No. CIV 20-0832 JB/SCY

LEON MARTINEZ, *Warden,* and,
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

      Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed September 21, 2020 (Doc. 4)("Amended Petition"). Petitioner Shawn Forth challenges the constitutionality of his 2009 State court convictions for criminal sexual penetration of a child.  See Amended Petition at 1.  The Honorable Steven Yarbrough, United States Magistrate Judge for the United States District Court for the District of New Mexico, previously ordered Forth to show cause why the one-year statute of limitations does not bar his habeas claims. See 28 U.S.C. § 2244(d)(1)(A); Memorandum Opinion and Order filed August 26, 2020 (Doc. 3)("Show Cause Order").   Because Forth does not demonstrate grounds for tolling, and having independently researched the state docket to confirm the time-bar, the Court will dismiss the Amended Petition with prejudice.

## FACTUAL BACKGROUND

The following background information was taken from the Amended Petition and Forth's State court criminal dockets: (i) State of New Mexico v. Forth, Case No. D-1116-CR-2008-815

(County of San Juan, Eleventh Judicial District Court, State of N.M.); (ii) <u>Forth v. Martinez</u>, Case No. S-1-SC-37747, Supreme Court of the State of New Mexico; and (iii) <u>Forth v. Martinez</u>, Case No. S-1-SC-38374, Supreme Court of the State of New Mexico. The State criminal filings are subject to judicial notice. See <u>Mitchell v. Dowling</u>, 672 F. App'x 792, 794 (10th Cir. 2016)(concluding that habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed");[1] <u>Van Duzer v. Simms</u>, No. CIV 18-0405 JB/LF, 2018 WL 2138652, at *1, n.1 (D.N.M. May 9, 2018)(Browning, J.)(explaining that courts may take judicial notice of New Mexico state criminal dockets); <u>United States v. Ahidley</u>, 486 F.3d 1184, 1192, n.5 (10th Cir. 2007)(stating that courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

1.    <u>**Forth's State Petitions.**</u>

On January 30, 2009, Forth pled guilty to two counts of criminal sexual penetration of a child under age thirteen. See <u>State of New Mexico v. Forth</u>, Case No. D-1116-CR-2008-815, Plea

---

[1]<u>Mitchell v. Dowling</u>, is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that <u>Mitchell v. Dowling</u>, and the other unpublished opinions cited here, have persuasive value with respect to material issues, and will assist the Court in its disposition of this Memorandum Opinion and Order.

& Disposition Agreement (County of San Juan, Eleventh Judicial District Court, N.M.)(filed January 30, 2009)("Plea Agreement"). The State court sentenced Forth to a total term of thirty-six years in prison. See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Judgment, Sentence, and Commitment (County of San Juan, Eleventh Judicial District Court, N.M.)(the "Criminal Judgment"). The State court entered the Criminal Judgment on March 5, 2009. See Criminal Judgment at 1. Forth did not file a direct appeal. See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Docket Sheet (County of San Juan, Eleventh Judicial District Court, N.M.) On March 12, 2009, Forth was placed in the New Mexico Corrections Department's facility in Los Lunas, New Mexico, Central New Mexico Correctional Facility ("Central NM"). See Amended Petition at 14-15. At this facility, Forth was subject to lockdown for twenty-three hours per day.[2] See Amended Petition at 14-15.

On April 9, 2009, Forth was transferred to the Penitentiary of New Mexico ("PNM") where he had no access to a law library. See Amended Petition at 14-15. Over the next year, Forth filed two Motions to Reconsider Sentence. See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Motion to Reconsider Sentence (County of San Juan, Eleventh Judicial District Court, N.M.)(filed April 30, 2009); State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Motion to Reconsider Sentence (County of San Juan, Eleventh Judicial District Court, N.M.)(filed April 1, 2010). The State court denied both motions on April 5, 2010, holding that the time for the court to reconsider or modify the sentence had expired. See State of New Mexico

---

[2]In a Motion to Reconsider/Review Sentence filed on April 30, 2009, Forth stated that he was subject to lockdown for twenty-three hours per day five days per week, and twenty-fours hours per day on weekends, but it is unclear if this referred to his situation at Central NM, the Penitentiary of New Mexico, or at both facilities. See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Motion to Reconsider Sentence (filed April 30, 2009).

v. Forth, Case No. D-1116-CR-2008-815, Docket Sheet (County of San Juan, Eleventh Judicial District Court, N.M.).   Forth had thirty days after this order, or until May 6, 2010, to file a notice of appeal.   See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Order of Denial of Motion to Reconsider Sentence (County of San Juan, Eleventh Judicial District Court, N.M.)(filed April 5, 2010).   Forth did not appeal the order; therefore, his conviction became final on May 6, 2010.   See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Docket Sheet (County of San Juan, Eleventh Judicial District Court, N.M.); Locke v. Saffle, 237 F.3d 1269, 1271-73 (10th Cir. 2001)(concluding that, for purposes of § 2254, the conviction becomes final upon the expiration of the appeal period).

On October 19, 2010, Forth filed a State habeas petition.   See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Habeas Corpus Petition, (County of San Juan, Eleventh Judicial District Court, N.M.)(filed October 19, 2010).   The State court dismissed the petition at Forth's request by an Order entered January 31, 2012.   See Amended Petition at 11; State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Order of Dismissal of Writ (County of San Juan, Eleventh Judicial District Court, N.M.)(filed January 31, 2012).   On February 19, 2012, the State moved Forth to the Lea County Correctional Facility near Hobbs, New Mexico. See Amended Petition at 14-15.   Forth was able to access the library only once during his year at that facility. See Amended Petition at 14-15.   One year later, on February 19, 2013, the State transferred Forth to the Otero County Prison Facility near Chaparral, New Mexico.   See Amended Petition at 14-15.   Because of training and staffing challenges at Otero County Prison Facility's library, Forth was able to access the library only infrequently.   See Amended Petition at 15 (stating that the library staff "only had 2 months state training in 2013 and went through 6 librarians between 2013 and 2017").   When the library was open at the Otero County Prison Facility, Forth was allowed

only forty-five minutes to one-hour in the library once a week if the facility was not locked down.[3] See Amended Petition at 14-15. When the facility was locked down, Forth could not access the library. See Amended Petition at 14-15.

There was no additional case activity until July 18, 2016, when Forth filed another Motion to Correct or Modify Illegal Sentence in State court. See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Docket Sheet (County of San Juan, Eleventh Judicial District Court Motion, N.M.). The State court denied that motion by an Order entered September 26, 2016. See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Docket Sheet (County of San Juan, Eleventh Judicial District Court, N.M.). Forth then filed a Motion for Provision of Trial Transcripts on June 2, 2017. See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Motion for Provision of Trial Transcripts (County of San Juan, Eleventh Judicial District Court, N.M.)(filed June 2, 2017). The State court ordered the production of certain documents, and a back-and-forth ensued over the next year, where Forth filed several requests for documents and the State court entered various orders allowing or disallowing certain requests. See, e.g., State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Docket Sheet; Minute Order (County of San Juan, Eleventh Judicial District Court, N.M.)(filed June 16, 2017). On December 3, 2018, the State court directed the State clerk to provide a copy of the entire State court criminal record, plus an audio copy of the recorded criminal proceedings to Forth. See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Order on Motion for Record Proper (County of San Juan, Eleventh Judicial District Court, N.M.)(filed December 3, 2018).

On February 21, 2019, Forth filed a second State habeas petition. See State of New

---

[3]Forth does not state the frequency or duration of the lockdowns at the Otero County Prison Facility in the Amended Petition. See Amended Petition at 15.

Mexico v. Forth, Case No. D-1116-CR-2008-815, Habeas Corpus Petition (County of San Juan, Eleventh Judicial District Court, N.M.)(filed February 21, 2019).   The State court dismissed the habeas petition on June 5, 2019, and the Supreme Court of New Mexico denied certiorari review. See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Order of Dismissal (County of San Juan, Eleventh Judicial District Court, N.M.)(filed June 5, 2019); Forth v. Martinez, Case No. S-1-SC-37747, Order, Supreme Court of the State of New Mexico (filed August 30, 2019). Forth filed his third and final State habeas petition on April 6, 2020.   See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Habeas Corpus Petition (County of San Juan, Eleventh Judicial District Court)(filed April 6, 2020).   The State court again dismissed the petition, and the Supreme Court of New Mexico denied relief on September 11, 2020.   See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Order of Dismissal (County of San Juan, Eleventh Judicial District Court, N.M.)(June 23, 2020); Forth v. Martinez, Case No. S-1-SC-38374, Order (filed September 11, 2020), Supreme Court of the State of New Mexico.

  **2.**  **Forth's Federal Petition**.

  Forth initiated this federal case on August 19, 2020, by filing pro se a Motion/Request for Extension of Time on Habeas Corpus (Doc. 1)("Motion for Extension").   He sought an extension through August 31, 2020, to file a federal habeas petition under 28 U.S.C. § 2254.   See Motion for Extension at 1.   Forth also asked the Court to advise on the deadline for filing his § 2254 claims.   See Motion for Extension at 1 ("I am filing for this time extension . . . to find out when I have to have my federal habeas filed.").   Magistrate Judge Yarbrough reviewed the Motion for Extension, along with Forth's State criminal dockets, and determined that, absent grounds for tolling, the habeas limitation had expired in 2012, nearly eight years before he filed the Motion for Extension.   See Show Cause Order at 4.   By a Show Cause Order entered August 26, 2020,

Magistrate Judge Yarbrough explained the statute of limitations and gave Forth two options regarding how to proceed.  See Show Cause Order at 4.  The Show Cause Order permitted Forth to either: (i) to dismiss this action without prejudice, in which case, it would not count as his first habeas action; or, alternatively, (ii) to file a formal § 2254 habeas petition and attempt to establish grounds for tolling.  See Show Cause Order at 4.  In the event Forth elected to proceed, the Show Cause Order fixed a deadline of September 25, 2020, for Forth to: (i) to file his claims on the proper § 2254 form; (ii) to address the filing fee; and (iii) to show cause why the habeas claims are not time-barred.  See Show Cause Order at 4-5.  The Show Cause Order states: "Forth can include his show-cause arguments in the § 2254 petition or file a separate show-cause response addressing timeliness.  Either way, any § 2254 filing must address timeliness."  See Show Cause Order at 5 (emphasis in original).

Forth elected to proceed with his request for habeas relief, notwithstanding the time-bar, and filed a motion to proceed in forma pauperis.  See Amended Petition at 1; Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 21, 2020 (Doc. 5)("IFP Motion").  He timely filed an Amended Petition using the official § 2254 form template. See Amended at 1.  The Amended Petition raises habeas claims on the basis of ineffective assistance of counsel, prosecutorial misconduct, due process violations, evidentiary defects, and judicial bias.  See Amended Petition at 5-10.  In the Amended Petition, Forth acknowledges the time-bar, and seeks tolling of the one-year habeas limitation period based on lockdowns, lack of library access, and a misunderstanding of the law.  See Amended Petition at 13-14.  The Amended Petition is ready for initial review under rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 4").  Habeas Rule 4 (requiring courts to conduct a sua sponte review and dismiss any petition where relief is obviously

barred); <u>Day v. McDonough</u>, 547 U.S. 198, 209 (2006)(explaining that, as part of the initial review process, "district courts are permitted . . . to consider, sua sponte, the timeliness of a State prisoner's habeas petition").

## **LAW REGARDING THE § 2254 STATUTE OF LIMITATIONS**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), petitions for a writ of habeas corpus by a person in State custody are governed by a one-year statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . .
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The one-year AEDPA statute of limitations for filing a § 2254 petition

begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. See 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. See 28 U.S.C. § 2254(d)(1)(A); Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999).

This one-year statute of limitations is tolled when a petitioner files State habeas corpus petition. Tolling occurs, however, only when "a properly filed application for State post-conviction" relief is "pending." 28 U.S.C. § 2244(d)(2). A State habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the State's post-conviction procedures. See Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Holland v. Florida, 560 U.S. 631, 635, 638 (2010). A State habeas petition submitted after the one-year deadline, however, does not toll the limitations period. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(noting the petitioner could not taking advantage of tolling "for time spent in State post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period . . . .").

The one-year statute of limitations may also be subject to equitable tolling. Equitable tolling is only available when: (i) an inmate pursues diligently his claims; and (ii) demonstrates that extraordinary circumstances beyond his control caused the failure to timely file. See Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not warrant equitable tolling. See Marsh v. Soares, 223 F.3d at 1220 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Taylor v. Wade, 789 F. App'x 674, 677 (10th Cir. 2019)("[N]either [the petitioner's] misapprehension of the law nor his . . . claim of ineffective assistance of counsel

could excuse his failure to file a timely habeas petition"); <u>Rojas-Marceleno v. Kansas</u>, 765 F. App'x 428, 433 (10th Cir. 2018)("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling"); <u>Clay v. Jones</u>, 491 F. App'x 935 (10th Cir. 2012)(stating that petitioner's failure to "understand . . . tolling and exhaustion issues" cannot "demonstrate extraordinary circumstances entitling him to equitable tolling.").

A petitioner "must show that he can satisfy the procedural requirements of" § 2244(d) "[b]efore [the Court can] address[] the merits of [his] claims." <u>United States v. Greer</u>, 881 F.3d 1241, 1244 (10th Cir. 2018), <u>cert. denied</u>, 139 S. Ct. 374 (2018). Accordingly, federal courts have authority to sua sponte consider a habeas petition's timeliness. <u>See Day v. McDonough</u>, 547 U.S. at 209(stating that as part of the initial review process, "district courts are permitted . . . to consider, sua sponte, the timeliness of a State prisoner's habeas petition").

## <u>LAW REGARDING § 2254 HABEAS CORPUS RELIEF</u>

A prisoner in State custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA's amended § 2254 limits federal courts' power to grant an application for a writ of habeas corpus. <u>See</u> 28 U.S.C. § 2254(a). If, as in this case, the application includes a claim that a State court adjudicated on its merits, § 2254(d) limits expressly federal court review. Under § 2254(d), a habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim:
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  Under this standard, a federal habeas court "reviews the specific reasons given by the State court and defer to those reasons if they are reasonable."  Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).  The standard is highly deferential to the State court rulings and demands that the State court receive the benefit of the doubt.  See Harrington v. Richter, 562 U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam). Consequently, the standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. § 2254.  See Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the Supreme Court's holdings of decisions as of the time of the relevant State court decision.  Williams v. Taylor, 529 U.S. 362, 412 (2000).  Under § 2254(d)(1), a State court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [State] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. at 405-06.  A State court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8 (2002)(per curiam).

A State court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  Williams v. Taylor, 529 U.S. at 407-08.  A court

undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law. See Williams v. Taylor, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the State court decision applied clearly established federal law erroneously or incorrectly -- the application must also be unreasonable. See Williams v. Taylor, 529 U.S. at 411; Harrington v. Richter, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility that fair-minded jurists could disagree that the State court's decision conflicts with Supreme Court precedent. See Harrington v. Richter. 562 U.S. at 102.

## ANALYSIS

In this habeas proceeding, Forth challenges the constitutionality of his State conviction for two counts of criminal sexual penetration of a child under age thirteen. See Amended Petition at 1. Forth also filed an IFP Motion, seeking to defer prepayment of the five-dollar habeas filing fee. See IFP Motion at 1. The Court will deny the IFP Motion because Forth can afford to pay the filing fee. The Court also concludes that Forth's habeas claims are time-barred.

## I.     THE COURT WILL DENY THE IFP MOTION, BECAUSE FORTH CAN AFFORD TO PAY THE FILING FEE.

As an initial matter, Forth seeks to prosecute his 28 U.S.C. § 2254 habeas proceeding without prepaying the five-dollar filing fee. See IFP Motion at 1. Section 1915(a) of Title 28 provides:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such

> affidavit shall state the nature of the action, defense or appeal and affiant's belief
> that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).   Forth's IFP Motion and affidavit allege that he does not receive a steady

income and, therefore, cannot afford to prepay the fee.   See IFP Motion at 1. Forth's account

statement, however, showed an ending balance of $55.85 on May 5, 2020.   See IFP Motion at 3.

The statement also showed occasional credits to Forth's account for working as a tutor and tailor.

See IFP Motion at 3.   Accordingly, the Court will deny the IFP Motion.

## II.     FORTH'S HABEAS CLAIMS ARE TIME-BARRED, BECAUSE THE STATUTE OF LIMITATIONS HAS EXPIRED.

The Show Cause Order notes that Forth did not file his claims within the one-year

limitation period.   See Show Cause Order at 4-5.   Forth's conviction became final and the one-

year statute of limitations began to run on May 6, 2010, when the Criminal Judgment became final

and the appeal period expired.   See Locke v. Saffle, 237 F.3d at 1271-1273 (holding concluding

that, for purposes of § 2254, the conviction becomes final upon the expiration of the appeal period).

One-hundred-sixty-six days elapsed before Forth filed his first State habeas petition on October

19, 2010, which stopped the clock pursuant to 28 U.S.C. § 2244(d)(2). The State court dismissed

the petition on January 31, 2012 at Forth's request. State of New Mexico v. Forth, Case No. D-

1116-CR-2008-815, Order of Dismissal of Writ, (County of San Juan, Eleventh Judicial District

Court, N.M.)(filed January 31, 2012).    Accordingly, the first State habeas proceeding remained

pending until March 1, 2012, when the thirty-day appeal period expired in connection with the

dismissal order.   See Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000)(explaining that a

State habeas proceeding remains "pending," and the habeas limitation period is tolled, through the

expiration of the State appeal period); NMRA, Rule 12-501 (stating that a writ of certiorari must

be filed within 30 days after the State district court's denial of a habeas petition).   "The next

day," --March 2, 2012-- "statutory tolling ceased," and the remaining "time for filing a federal habeas petition," here, 199 days,[4] "resumed . . . ." <u>Trimble v. Hansen</u>, 764 F. App'x 721, 724 (10th Cir. 2019)(addressing complex tolling calculations in habeas proceedings), cert. denied, 140 S. Ct. 283, 205 L. Ed. 2d 144 (2019). The State court docket reflects no discernable tolling activity during the next 199 days. <u>See</u> <u>State of New Mexico v. Forth</u>, Case No. D-1116-CR-2008-815, Docket Sheet (County of San Juan, Eleventh Judicial District Court, N.M.). Absent equitable tolling, the one-year limitation period expired on September 17, 2012, and any § 2254 claims filed in 2020 would be time-barred.

Magistrate Judge Yarbrough explained this in the Show Cause Order, which summarizes the State court timeline, and the legal standards for equitable and statutory tolling. <u>See</u> Show Cause Order at 3-4. In the Amended Petition, Forth does not contest the above timeline of State court filings. <u>See</u> Amended Petition at 9-13. The Court discerns that the Amended Petition, construed liberally, seeks: (i) equitable tolling based on Forth's lack of legal knowledge and library access; (ii) statutory tolling based on time spent in lock-down that may have created state impediments to filing; (iii) and equitable tolling based on plea counsel's failure to inform Forth of post-conviction remedies. <u>See</u> Amended Petition at 14-14.

The one-year statute of limitation on filing a writ of habeas corpus may be tolled either through statutory tolling or through equitable tolling. <u>See</u> 28 U.S.C. § 2244; <u>Holland v. Florida</u>, 560 U.S. at 651-52 (holding that 28 U.S.C. § 2244 "is subject to equitable tolling in appropriate cases."). Statutory tolling occurs: (i) while a state habeas petition is pending, (ii) where

_____

[4]The Court arrived at this figure by subtracting the number of days in the one-year limitation period that initially elapsed (166) from the one-year period (<u>i.e.</u>, 365 days in a year - 166 days = 199 remaining days).

- 14 -

unconstitutional state action has impeded the filing of federal habeas petition, (iii) where the Supreme Court has recognized a new constitutional right that effects the petitioner's claim, or (iv) where the factual basis for the petitioner's claims could not have been discovered until after the limitation period had expired. See 28 U.S.C. § 2244(d)(1)(A). By contrast, equitable tolling provides more generalized relief; a petitioner is entitled to equitable tolling if the petitioner shows that he has been pursuing his rights diligently, and that some extraordinary circumstances stood in their way. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408 at 418.

**A.     FORTH'S LACK OF LIBRARY ACCESS DOES NOT TOLL THE STATUTE OF LIMITATIONS, BECAUSE A LACK OF LIBRARY ACCESS IS NOT SUFFICIENTLY EXTRAORDINARY TO WARRANT EQUITABLE TOLLING.**

The majority of Forth's show-cause arguments implicate equitable tolling based on his lack of reliable access to prison libraries. See Amended Petition at 14-15. Forth argues his lack of access variously resulted from: (i) lockdowns; (ii) a lack of qualified staff; (iii) a lack of sufficient time for prisoners in the library. See Amended Petition at 14-15. See also Amended Petition at 14 (stating that Forth was unable to access the library between April, 2009 and February, 2012 without explaining why). As noted above, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d at 1220. "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008). Beyond the burden of

showing that the circumstances were extraordinary, the petitioner must also provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling is "'a rare remedy to be applied in unusual circumstances.'" Al-Yousif v. Trani, 779 F.3d 1173, 1179 (10th Cir. 2015)(quoting Yang v. Archuleta, 525 F.3d at 929).

The United States Court of Appeals for the Tenth Circuit has never held that prison lockdowns are sufficiently extraordinary and unusual to trigger equitable tolling. See, e.g., Dill v. Workman, 288 F. App'x 454, 457 (10th Cir. 2008)(holding that a prison lockdown does not qualify as an extraordinary circumstance). The Tenth Circuit has more implicitly suggested that a prison lockdown could be an extraordinary circumstance, but that the petitioner must demonstrate how the lockdown period affected their ability to file a timely federal habeas claim. See Gifford v. Everett, 28 F. App'x 748 (10th Cir. 2008); Parker v. Jones, 260 F. App'x 81, 85 (10th Cir. 2008)(holding that it is "beyond peradventure that . . . vague allegations" about prison lockdowns "will not justify equitably tolling the limitations period").

The Tenth Circuit has also never granted equitable tolling for cases of alleged inadequate law library facilities or staff, and the Court does not believe, based on Tenth Circuit precedent, that the Tenth Circuit would ever grant equitable tolling under these circumstances. See Miller v. Marr, 141 F.3d at 978 (refusing to toll the limitation period where the petitioner argued that the facility did not have materials for review that would allow the petitioner to file an informed habeas petition, nor a process to request those materials); Marsh v. Soares, 223 F.3d at 1220 (holding that library staff's incompetence was not sufficient to warrant equitable tolling.). The Tenth Circuit has also not granted equitable tolling in cases where petitioners were limited in the time they could spend in the library. See Levering v. Dowling, 721 F. App'x 783, 788 (10th Cir. 2018)(stating

that limited time in the law library and lack of access to trial transcripts is not an extraordinary circumstance justifying equitable tolling); Weibley v. Kaiser, 50 F. App'x 399, 403 (10th Cir. 2002)(holding that "allegations regarding insufficient library access, standing alone, do not warrant equitable tolling"). This rule is particularly applicable where the petitioner was, like Forth, able to file a State habeas petition despite the law library restrictions. See Trujillo v. Santistevan, 828 F. App'x 510, 511 (10th Cir. 2020)(rejecting the argument that "restrictions on law-library access slowed [the petitioner's] ability to prepare a State habeas petition," and noting that "[d]espite these restrictions, [the petitioner] was able to file the State habeas petition . . . . So the restrictions in law-library access thus didn't trigger equitable tolling").

Forth alleges there were two periods after his judgment became final when he did not have library access or his access was inadequate. See Amended Petition at 14. First, Forth alleges that he had no access to a law library between April 9, 2009, and February 12, 2012, because of lockdown restrictions. See Amended Petition at 14. In spite of these restrictions, Forth filed three State motions during that time. See Amended Petition at 13-14. See also Trujillo v. Santistevan, 828 F. App'x at 511. Forth filed motions to reconsider sentence in 2009 and 2010, followed by a State habeas petition on October 19, 2010. See Motion to Reconsider Sentence (filed April 30, 2009); Motion to Reconsider Sentence, filed (April 1, 2010); State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Habeas Corpus Petition, (County of San Juan, Eleventh Judicial District Court, N.M.)(filed October 19, 2010). A fellow inmate also informed Forth about the habeas corpus packet before 2012, which Forth used to file the State habeas petition. See Amended Petition at 13-14. Accordingly, Forth's lack of library access does not rise to the level of "extraordinary circumstances" that entitle a petitioner to equitable tolling because despite the lockdowns Forth was able to file motions and pursue relief. Irwin v. Dep't of Veterans Affs., 498

U.S. 89, 96 (1990)(explaining that federal courts typically extend equitable relief sparingly, typically in cases where one has been "induced or tricked by their adversary's misconduct" into allowing a deadline to pass.).   Although lockdowns and restricted access are disruptive to preparing a petition, they do not meet the high standard for an extraordinary and unusual impediment to filing required to apply equitable tolling especially where here Forth was able to file motions.   See Dill v. Workman, 288 F. App'x 454, 457 (10th Cir. 2008)(holding that a prison lockdown does not qualify as an extraordinary circumstance).

Forth also alleges he had limited library access from 2013 to 2017, because of limited staffing, lockdowns, and limited hours of availability.   See Amended Petition at 15. The limitations' scope and their ultimate effect on Forth's ability to file a petition, aside from the implied disruption to his research, is not clear.   See Amended Petition at 15.   These limitations also cannot establish equitable tolling grounds, because Forth does not describe sufficient detail concerning the limitations or elaborate how they prevented Forth from filing a habeas petition. See Miller v. Marr, 141 F.3d at 978 (holding that, to apply the equitable tolling doctrine, a petitioner must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").   Forth does not meet his "strong burden" on the petitioner to show specific facts to support extraordinary circumstances and due diligence.   See Yang v. Archuleta, 525 F.3d at 928 (discussing that a petitioner must show specific facts to both support his claims and demonstrate diligent pursuit of his petition).   Forth also has not provided specific facts regarding what "steps he took to diligently pursue his federal" petition before expiration of the federal limitation period on September 17, 2012.   Miller v. Marr, 141 F.3d at 978.   Further, these limitations occurred after expiration of the one-year limitation period that expired on September 17, 2012, and thus are not dispositive to this case.

- 18 -

Forth's claim would still be time-barred, even if the statute of limitations equitably was tolled for each period limited library access.   When Forth's conviction became final on May 6, 2010 he had no library access.   <u>See</u> Amended Petition at 14.   Presuming this period was equitably tolled, this period would have extended until October 19, 2010, when Forth filed his first State habeas petition. <u>See</u> Amended Petition at 4.   When Forth filed his State habeas petition the statute of limitations would have tolled statutorily until March 1, 2012.   <u>See</u> <u>Gibson v. Klinger</u>, 232 F.3d at 804.   Forth contends he had limited library access during this period until some point in 2017. <u>See</u> Amended Petition at 15.   Forth's petition does not cite the exact date when the library access became consistently available.      <u>See</u> Amended Petition at 15.   To provide the most thorough analysis for the petitioner, the Court will presume the date providing the most support for Forth's argument: December 31, 2017.   Forth filed no subsequent State or federal habeas claim until February 21, 2019. <u>See</u> <u>State of New Mexico v. Forth</u>, Case No. D-1116-CR-2008-815, Docket Sheet, County of San Juan, Eleventh Judicial District Court.   There were 416 days,[5] then, between when, Forth contends, that library access became more consistent and when Forth filed his second State habeas petition.   Even when viewing the timeline in the light most favorable to Forth, his claims still are time-barred.

**B.     FORTH IS NOT ENTITLED TO EQUITABLE TOLLING FOR INADEQAUTE ASSISTANCE TO COUNSEL BECAUSE HIS COUNSEL'S FAILURE TO INFORM HIM OF POST-CONVICTION REMEDIES WERE EXCUSABLY NEGLECTFUL, RATHER THAN DECEITFUL OR MISLEADING.**

Forth also argues that his State plea counsel failed to explain his post-conviction remedies after the sentencing hearing.   <u>See</u> Amended Petition at 13.   To obtain equitable tolling based on

---

[5]The Court arrives at this number by counting the entirety of 2018 (365 days) and adding the period between January 1, 2019 and February 21, 2019 (51 days).

attorney misconduct, the attorney's actions must be "[p]articularly egregious, . . . such as repeated, deceitful assurances that a habeas petition would soon be filed." Trujillo v. Tapia, 359 F. App'x 952, 955 (10th Cir. 2010)(citing Fleming v. Evans, 481 F.3d 1249, 1255-56 (10th Cir. 2007)). See Montoya v. Milyard, 342 F. App'x 430, 432 (10th Cir. 2009)(explaining that equitable tolling is available only where an attorney "affirmatively misled his client"); Holland v. Florida, 560 U.S. at 651-52 ("[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling."). There are no allegations that Forth's State counsel misled him with respect to federal habeas relief. At most, counsel did not notify Forth about § 2254 relief. See Amended Petition at 14. This does not qualify as egregious misconduct. See Montoya v. Milyard, 342 F. App'x at 432 (stating that equitable tolling was unavailable based on "counsel's failure to notify [the petitioner] of the [habeas] statute of limitations"). Counsel's actions represent poor client advocacy but do not rise to the level of egregious deceitful or misleading conduct that warrants equitable tolling. See Montoya v. Milyard, 342 F. App'x at 432. Equitable tolling is, therefore, not available based on ineffective assistance of counsel.

### C.   FORTH'S LACK OF LEGAL KNOWLEDGE DOES NOT WARRANT EQUITABLE TOLLING, BECAUSE A LACK OF LEGAL KNOWLEDGE DOES NOT ENTITLE A PETITIONER TO EQUITABLE TOLLING.

Construed as a whole, the Amended Petition suggests that Forth did not take steps to pursue federal relief until many years after his sentence became final, because he did not know about § 2254 review. See Amended Petition at 14 ("I was studying state law when I got my dismissal for my writ of certiorari on August 30, 2019. I started on my federal habeas and learning federal law[,] and discovered that federal habeas petitioners must exhaust all claims before filing a § 2254 petition."). See Amended Petition at 15. Ignorance of the law cannot, however, excuse an

untimely habeas filing.  See Marsh v. Soares, 223 F.3d at 1229 ("It is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."); Taylor v. Wade, 789 F. App'x at 677 ("[N]either [the petitioner's] misapprehension of the law nor his . . . claim of ineffective assistance of counsel could excuse his failure to file a timely habeas petition."); Rojas-Marceleno v. Kansas, 765 F. App'x at 433 ("A petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling."); Hickmon v. Mahaffey, 28 F. App'x 856, 858 (10th Cir. 2001)(same).   Forth cannot obtain equitable tolling based his ignorance of the law or mistaken belief about the expiration of the one-year limitation period.

Forth states that he believes his federal habeas limitation expired on August 30, 2020, based on his contention that the limitation began to run on June 23, 2020.  See Amended Petition at 15. In fact, the one-year period expired on September 17, 2012.  See Show Cause Order at 4.  This mistaken belief does not establish equitable tolling grounds, and the 2020 federal habeas proceeding is time-barred by nearly eight years.

**D.**     **FORTH'S PETITION IS TIME BARRED, BECAUSE STATUTORY TOLLING DOES NOT APPLY TO LIBRARY ACCESS, LOCKDOWNS, OR IGNORANCE OF THE LAW, AND THE PERIODS OF STATUTORY TOLLING WERE APPROPRIATELY TOLLED.**

Statutory tolling occurs:  (i) while a state habeas petition is pending;  (ii) where unconstitutional state action has impeded the filing of federal habeas petition;  (iii) where the Supreme Court has recognized a new constitutional right that effects the petitioner's claim; or (iv) where the factual basis for the petitioner's claims could not have been discovered until after the limitation period had expired.  See 28 U.S.C. § 2244(d)(1).  The Court does not see a new constitutional right that the Supreme Court has identified in Forth's claims, nor does Forth identify new facts that have come to light regarding his conviction.  See Amended Petition at 14-15.  The

Court's analysis thus will hinge on whether Forth's State habeas petitions were tolled appropriately and whether unconstitutional State action impeded Forth's ability to file a federal habeas petition. See 28 U.S.C. § 2244(d)(1). The Court concludes that statutory tolling does not apply, because: (i) there is no pending State habeas petition; and (ii) the State of New Mexico did not prevent Forth from filing a federal habeas petition. See 28 U.S.C. § 2244(d)(1).

The statute of limitations was tolled statutorily during the pendency of Forth's previous State habeas petitions. Forth's conviction became final on May 6, 2010. See Show Cause Order at 3. Forth filed his first State habeas petition 166 days later, on October 19, 2010. See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Habeas Corpus Petition (County of San Juan, Eleventh Judicial District Court, N.M.)(filed October 19, 2010). This habeas petition stopped the clock pursuant to § 2244(d)(2) until March 2, 2012, when the petition had been dismissed and the appeals period had closed. See Locke v. Saffle, 237 F.3d at 1271-73; Show Cause Order at 4. The clock restarted on that date, and Forth had 199 days remaining in which to exhaust state remedies and still file a federal habeas petition. See Show Cause Order at 4; 28 U.S.C. § 2255. Forth did not file any additional actions until July 7, 2016, a full 1,580 days later. See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Docket Sheet (County of San Juan, Eleventh Judicial District Court, N.M.) The time for Forth to file a federal habeas petition, therefore, expired on September 17, 2012. See Show Cause Order at 4.

The Tenth Circuit has held that State habeas proceedings or other tolling motions filed after the expiration of the one-year period cannot restart the clock or otherwise impact the expired limitations period. See Gunderson v. Abbott, 172 F. App'x 806, 809 (10th Cir. 2006)("A state court [habeas] filing submitted after the . . . [one-year] deadline does not toll the limitations period."); Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004)(holding that a state postconviction

motion alleging ineffective assistance of counsel tolls, but does not restart, the one-year statute of limitations); Fisher v. Gibson, 262 F.3d at 1142-43 ("[P]etitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's State] applications for post-conviction relief were not filed until after . . . the end of the limitations period."). See also Smith v. McGinnis, 208 F.3d 13, 17 (2nd Cir. 2000)(holding that the statute of limitations period was not reset when a State petition is denied); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)(holding that the "one-year period within which a federal habeas petition must be filed begins at 'the conclusion of direct review' of the judgment of conviction . . . . running of this period is suspended for the time that a state post-conviction proceeding 'is pending.'")(quoting 28 U.S.C. § 2244(d)(1)); Rashid v. Khulman, 991 F. Supp 254, 259 (S.D.N.Y. 1998)(Sotomayor, J.)("The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.")(no citation for quotation).

The Supreme Court has created one exception to this rule. In Jimenez v. Quarterman, 555 U.S. 113, 120-21 (2009), the Supreme Court held that a State habeas order granting an out-of- time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." The Jimenez v. Quarterman exception is inapplicable here, because Forth's direct appeal period was never reopened. The Supreme Court of New Mexico orders denying certiorari review in 2019 and 2020, therefore, have no bearing on the timeliness of Forth's § 2254 claims. See Case No. S-1-SC-37747, Order (Supreme Court of the State of New Mexico)(filed August 30, 2019).

Forth also seeks statutory tolling based on lockdowns and lack of library access on the theory that those circumstances created a State impediment to filing a federal habeas petition. See

28 U.S.C. § 2244(d)(1)(B); <u>Aragon v. Williams</u>, 819 F. App'x 610, 613 (10th Cir. 2020), <u>cert. denied</u>, No. 20-6286, 2021 WL 78379 (U.S. Jan. 11, 2021).   Here, however, the lockdowns and lack of library access that Forth experienced were not a State impediment to filing, because, although inconvenient, they did not make it impossible for Forth to file a federal habeas petition. <u>See</u> 28 U.S.C. § 2244(d)(1); <u>United States v. Thody</u>, 460 F. App'x 776, 780-781 (10th Cir. 2012). Section 2244(d)(1)(B) requires a State prisoner to file his federal habeas petition within one year of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."   28 U.S.C. § 2244(d)(1)(B).   <u>See</u> <u>Corson v. Colorado</u>,   722 F. App'x 831, 834 (10th Cir. 2018)(noting that § 2244(d)(1)(B) "'relates to an impediment that prevents the filing of a federal court action'")(quoting <u>Campbell v. Milyard</u>, No. CIV 09-0375 BNB, 2009 WL 1916273, at *4 (D. Colo. June 30, 2009)(Weinshienk, J.).   To take advantage of § 2244(d)(1)(B), a petitioner must "allege specific facts that demonstrate how [the State action] . . . impeded his ability to file a federal habeas petition."   <u>Weibley v. Kaiser</u>, 2002 WL 31478974, *3 (10th Cir. 2002).   For example, the petitioner must show that the State action prevented the petitioner from filing a federal petition, rather than just discouraging the petitioner from filing the petition.   <u>See</u>, <u>e.g.</u>, <u>United States v. Thody</u>, 460 F. App'x at 780-81 (rejecting statutory tolling argument where the petitioner was not prevented from filing a habeas petition, although he thought it would be useless because of a detainer).   Statutory tolling under § 2244(d)(1)(B) can apply "when the State thwarts a prisoner's access to the courts . . . by denying an inmate access to his legal materials or a law library."   <u>Aragon v. Williams</u>, 819 F. App'x 610, 613 (10th Cir. 2020), <u>cert. denied</u>, No. 20-6286, 2021 WL 78379 (U.S. Jan. 11, 2021).   The lack of access, however, "must have actually prevented the inmate from filing his

application." Aragon v. Williams, 819 F. App'x at 613 (declining to apply tolling, and noting that the "fact that Petitioner did not inquire into the nature of his sentences or conduct legal research until [after the one-year period] is not attributable to the state").

In the present case, Forth contends that he had no access to the prison library between 2009 and 2012, and was able to access the library only twice between February, 2012 and 2013. See Amended Petition at 14. Forth alleges that he was not able to see what his options were at that time, but Forth does not elaborate on what conditions prevented law library access during this period. See Amended Petition at 14. This lack of detail makes an analysis of this period challenging. See Amended Petition at 14. It is noteworthy that this lack of access did not prevent Forth from filing several State applications during this time. See Lewis v. Casey, 518 U.S. 343, 355 (1996)("[T]he tools [that an adequate prison library . . .] requires to be provided are those that the inmates need to attack their sentences, directly or collaterally, and to challenge the conditions of their confinement."); State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Docket Sheet (County of San Juan, Eleventh Judicial District Court, N.M.). The Court concludes that Forth's lack of library access between 2009 and 2013 did not toll statutorily the statute of limitations; that Forth filed several State petitions during this time period demonstrates that Forth was capable of filing habeas petitions despite the lack of library access, and, therefore, that the lack of access did not "actually prevent" Forth from filing a federal petition. Aragon v. Williams, 819 F. App'x at 613. Additionally, even if the Court held that Forth's lack of library access between 2009 and 2013 tolled the statute of limitations, there were still four years during which Forth had at least intermittent access to the library before Forth filed his federal habeas petition. See State of New Mexico v. Forth, Case No. D-1116-CR-2008-815, Docket Sheet, (County of San Juan, Eleventh Judicial District Court, N.M.); See Amended Petition at 15. The State, therefore,

did not prevent Forth from accessing courts to file a timely federal habeas petition.   See <u>Lewis v.</u> <u>Casey</u>, 518 U.S. 343, 355-56 (1996)(concluding that the right to access courts focuses on whether the inmate is capable of filing an initial pleading and, not on the inmate's ability to litigate effectively); <u>Carper v. DeLand</u>, 54 F.3d 613, 617 (10th Cir. 1995)(discussing that prison officials are not required to assist inmates "beyond the preparation of initial pleadings").

Ultimately, Magistrate Judge Yarbrough accurately determined that Forth's petition was time-barred.   The statute of limitations was tolled during the pendency of Forth's initial habeas petition, but Forth did not file additional State habeas petitions until 2019.   See <u>State of New</u> <u>Mexico v. Forth</u>, Case No. D-1116-CR-2008-815, Docket Sheet, (County of San Juan, Eleventh Judicial District Court, N.M.).   These subsequent petitions were not subject to statutory tolling, because the statute of limitations had already expired.   See <u>Gunderson v. Abbott</u>, 172 F. App'x at 809.   Forth did not file his federal habeas petition until nearly eight years after his initial State habeas petition was dismissed, and, thus his petition is time barred.   See <u>Lewis v. Casey</u>, 518 U.S. at 355-56.

## IV. THE COURT WILL DENY A CERTIFICATE OF APPEALABILITY, BECAUSE FORTH HAS NOT MADE A SUBSTANTIAL SHOWING THAT ANY OF HIS CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED.

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A certificate may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   To make this showing, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The Court will deny Forth a Certificate of Appealability.   Forth's petition is time-barred.

Statutory tolling was warranted while Forth's initial State habeas petition was pending, but Forth's subsequent filings of state habeas petitions occurred beyond the period of limitations and thus were unaffected by statutory tolling. Furthermore, the lack of detail in Forth's petition does not present details that would lead the Court to conclude that he was denied a constitutional right.

Equitable tolling is warranted for neither Forth's lack of library access nor his alleged inadequate assistance of counsel. Forth has not overcome the strong factual burden required to show that either of these conditions rose to the level of "extraordinary circumstances." Yang v. Archuleta, 525 F.3d at 928. Forth also has not provided sufficiently the steps he took diligently pursue his federal petition. See Miller v. Marr, 141 F.3d at 978. The Court therefore will deny a Certificate of Appealability.

**IT IS ORDERED** that: (i) the Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 21, 2020 (Doc. 5), is denied; (ii) the Petitioner's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed September 21, 2020 (Doc. 4), is dismissed with prejudice; (iii) a Certificate of Appealability is denied; and (iv) the Court will enter a separate Final Judgment disposing of the civil case.

UNITED STATES DISTRICT JUDGE

*Parties:*

Shawn Forth
Chaparral, New Mexico

*Petitioner pro se*